FILED
United States Court of Appeals
Tenth Circuit

**April 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH FREDERICK JOHNSON,

    Defendant - Appellant.

No. 25-5159
(D.C. No. 4:24-CR-00402-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]

_____

A federal grand jury charged Defendant Joseph Johnson with two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The indictment listed Defendant's 2015 Colorado state marijuana cultivation conviction as the predicate felony. Defendant filed a motion to dismiss the indictment, arguing, as pertinent here, that § 922(g)(1) violated the Second Amendment as applied to him because his predicate conviction was not a violent felony and did not render him dangerous. After the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

district court denied his motion to dismiss, Defendant pleaded guilty to both counts of the indictment but reserved his right to appeal the denial of his motion. The court sentenced Defendant to 366 days' imprisonment and he appealed. In his opening brief, Defendant acknowledges that Tenth Circuit precedent requires us to uphold the district court's denial of his motion to dismiss the indictment as violative of the Second Amendment. Defendant tells us he filed the present appeal to preserve his right to seek en banc review from this Court or petition the Supreme Court for certiorari. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

Defendant is correct that our decision in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), *cert. denied* 2026 WL 568283 (March 2, 2026), upheld the constitutionality of § 922(g)(1) over a Second Amendment objection as to any individual convicted of a prior felony, including a non-violent felony offender. That opinion sets forth the rationale for this Court's holding and we need not repeat that rationale here. *See also United States v. Warner*, 131 F.4th 1137 (10th Cir. 2025) (Despite "the shifting Second Amendment landscape," *Vincent v. Bondi* governs defendant's challenge to the constitutionality of § 922(g)(1) as applied to non-violent felony offenders.).

Because controlling Tenth Circuit precedent compels this panel to uphold the district court's denial of Defendant's motion to dismiss the indictment as violative of the Second Amendment, the judgment of the district court is affirmed. *See United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015) (one Tenth Circuit panel cannot overrule the judgment of a prior Tenth Circuit panel absent a Tenth Circuit en banc or Supreme Court decision contrary to the prior panel's analysis).

2

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge